UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

KERRY VAUGHN

VERSUS

WAL-MART STORES, INC.

CIVIL ACTION

NO. 09-962-BAJ-SCR

## RULING ON MOTION FOR SUMMARY JUDGMENT

This matter is before the court on a motion for summary judgment by defendant, Wal-Mart Stores, Inc. (doc. 9). Plaintiff, Kerry Vaughn, opposes the motion (doc. 12) and defendant has replied to the opposition (doc. 16). Jurisdiction is based on 28 U.S.C. § 1332.

## BACKGROUND

Plaintiff initiated this action in the 23rd Judicial District Court for the Parish of Ascension, State of Louisiana, on October 21, 2009. She alleges that, on April 4, 2009, while shopping in the garden department at a Wal-Mart store in Prairieville, Louisiana, she "slipped and fell over tools such as hose, shovels, and other packaged items that were set in between the potting soil bags" (complaint, ¶2). Plaintiff alleges that, as a result of her fall, she has suffered physical and mental pain and suffering, past and future medical bills, loss of enjoyment of life and permanent disability.

1

The action was removed on November 9, 2009. On July 20, 2010, defendant filed the present motion for summary judgment, grounding the motion in its assertion that plaintiff cannot meet her burden of setting forth evidence from which a reasonable jury could conclude that "Wal-Mart had actual or constructive notice of a hazardous condition which caused or contributed to plaintiff's alleged fall or that Wal-Mart failed to exercise reasonable care." (doc. 9-2, p. 11). Specifically, defendant argues that, though plaintiff can prove that the garden tools were on the floor immediately before she fell, she cannot prove how long they had been there, nor can she prove that a Wal-Mart employee was (or could reasonably have been) aware of the condition prior to her fall (doc. 16, p.5).[1]

---

[1] The controlling statute in this case is Louisiana Revised Statute 9: 2800.6, which provides:

> A. A merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage.
> B. In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of . . . a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following:
>> (1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.
>> (2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.
>> (3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.

2

For purposes of the present motion for summary judgment, it is undisputed that, on April 4, 2009, plaintiff tripped and fell at the Wal-Mart store in Prairieville, Louisiana, on what she described as garden tools.[2] Moreover, in opposition to the motion for summary judgment and to demonstrate that a genuine dispute of material fact exists regarding the second element of the claim, plaintiff has submitted portions of the depositions of Danna Lowell, Kenneth Stewart, and Dianna Young.

Danna Lowell states in her deposition that she was working in the store's Health and Beauty Department on the day of the accident when plaintiff approached her and stated that she had fallen on the patio (doc. 12-1, p. 7). Lowell also states that she then walked to the area where plaintiff claims to have fallen, and she saw a bundle of garden tools and "a rake, the stick of the rake sticking out" (*Id.* at p. 9). She further states that the rake had fallen and that she picked it up and stood it up with the rest of the bundle in between two pallets of potting soil (*Id.* at p. 10, 13).

Kenneth Stewart, states that he was a shift manager at the store on the day of the accident (doc. 12-2, p. 6). According to Stewart, garden tools are normally bundled or boxed when they are delivered to the back of the store (*Id.* at p. 8).

---

[2] Because plaintiff did not submit a separate, short and concise statement of the material facts as to which there exists a genuine issue to be tried, the facts provided in defendants' Statement of Uncontested Facts are deemed admitted for purposes of the motion pursuant to Uniform Local Rule 56.2. Other than ¶¶ 1-2, however, defendant's Statement of Uncontested Facts consists of argumentation or conclusions of law rather than facts as contemplated by Uniform Local Rules 56.1 and 56.2. Accordingly, only ¶¶ 1 and 2 are deemed admitted.

Then, the bundles or boxes are placed on rolling carts and taken to the garden center where they are unloaded and stocked during the night (*Id.* at pp. 8-9).

Diana Young states that she was the Wal-Mart garden center merchandise supervisor for the store on the date of the accident (doc. 12-3, pp. 5-6). She further states that overnight associates transport bundles of tools from the back of the store to the gardening area, where they open the bundles and stock the merchandise (*Id.* at p. 11).

## LAW AND DISCUSSION

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine dispute as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). After a proper motion for summary judgment is made, the non-movant must set forth specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2411, 91 L.Ed.2d 202 (1986).

In determining whether the movant is entitled to summary judgment, the court views facts in the light most favorable to the non-movant and draws all reasonable inferences in her favor. *Coleman v. Houston Independent School District*, 113, F.3d 528 (5th Cir. 1997). "If the defendant in a . . . civil case moves for summary judgment . . . , [the inquiry is] whether reasonable jurors could find by a preponderance of the evidence that the plaintiff is entitled to a verdict." *Anderson*, 477 U.S. at 252.

4

As is noted, *supra*, deposition statements indicate that bundled garden center tools routinely arrive at the back of the store. From there, they are transported by overnight associates to the garden center where the associates cut the bundles and stock the tools during the night. Viewing facts in the light most favorable to the non-movant and drawing all reasonable inferences in her favor, the Court concludes that plaintiff has set forth deposition statements from which a reasonable jury could conclude that, more likely than not, an overnight Wal-Mart associate transported the bundle of gardening tools from the back of the store to the floor of the garden center where it remained until the accident occurred.[3] Thus, a reasonable fact-finder could conclude that a Wal-Mart employee created or had actual knowledge of the condition that allegedly caused the damage.

## CONCLUSION

Accordingly, the motion by defendant, Wal-Mart Stores, Inc., for summary judgment (doc. 9), is hereby **DENIED**.

Baton Rouge, Louisiana, February _10_, 2011.

BRIAN A. JACKSON
UNITED STATES DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA

---

[3] Though plaintiff's memorandum suggests that the incident occurred between 9 a.m. and 10:00 a.m. in the morning (doc. 12, p. 1), plaintiff has not directed the Court to any evidence in the record to support that allegation.